■ ERIKA SANDY, Appellant, v RAFFAELE GIUSTO, Respondent. [828 NYS2d 902]—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Lebowitz, J.), entered March 21, 2006, as, after a nonjury trial, and upon a decision of the same court dated December 19, 2005, in effect, dismissed the complaint on the ground that she failed to prove her cause of action for a divorce on the ground of cruel and inhuman treatment.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment, inter alia, granting the plaintiff a divorce on the ground of cruel and inhuman treatment and for equitable distribution of marital property.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court; the Ap-

pellate Division may render the judgment it finds warranted by the facts, while being cognizant that in close cases, the trial judge has the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *Healy v Williams,* 30 AD3d 466, 468 [2006]). Based upon our review of the record, we conclude that the plaintiff established her cause of action for divorce on the ground of cruel and inhuman treatment, and should have been granted a divorce on that ground (*see* Domestic Relations Law § 170 [1]; *Reed v Reed,* 13 AD3d 602 [2004]; *Feeney v Feeney,* 241 AD2d 510 [1997]). Because the Supreme Court did not address the request of the plaintiff wife for equitable distribution of marital property, we remit the matter for a determination of that issue based on the evidence adduced at the trial, and the entry of an appropriate amended judgment, inter alia, granting the plaintiff a divorce on the ground of cruel and inhuman treatment and for equitable distribution of marital property. Miller, J.P., Florio, Dillon and Angiolillo, JJ., concur.