■ RONALD B. LOSNER et al., Appellants-Respondents, v CASHLINE, L.P., et al., Respondents, and NORTH FORK BANK, as Trustee, Respondent-Appellant. (Action No. 1.) NORTH FORK BANK, as Trustee, Respondent, v CANTICO INTERNATIONAL, LTD., et al., Defendants, and RONALD B. LOSNER et al., Appellants. (Action No. 2.) NORTH FORK BANK, as Trustee, Respondent, v CANTICO INTERNATIONAL, LTD., et al., Defendants, and RONALD B. LOSNER et al., Appellants. (Action No. 3.) NORTH FORK BANK, as Trustee, Respondent, v CANTICO INTERNATIONAL, LTD., et al., Defendants, and RONALD B. LOSNER et al., Appellants. (Action No. 4.) NORTH FORK BANK, as Trustee, Respondent, v RONALD B. LOSNER et al., Appellants. (Action No. 5.) [838 NYS2d 665]—In related actions, inter alia, to foreclose a mortgage upon real property and to impose a constructive trust, Ronald B. Losner, Shirley Losner, and Ronald B. Losner, P.C., appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated July 7, 2005, as denied those branches of their motion which were to preclude the defendants 2A Sagamore Hill Road Corp. and North Fork Bank, as trustee, from offering certain evidence, and for summary judgment on the fourth and fifth causes of action in action No.

1, and for summary judgment dismissing the complaint in action Nos. 2 through 5 insofar as asserted against them, (2) from a decision of the same court dated March 14, 2006, and (3) from a judgment of the same court entered May 15, 2006, which, upon the decision, and after a nonjury trial, is in favor of the defendant North Fork Bank, as trustee, and against them dismissing the complaint in action No. 1 insofar as asserted against that defendant, and the defendant North Fork Bank, as trustee, cross-appeals from the order dated July 7, 2005.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the cross appeal from the order is dismissed as abandoned (see 22 NYCRR 670.8 [e]); and it is further,

Ordered that the appeal from the decision is dismissed as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to North Fork Bank, as trustee.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Sandy v Giusto, 37 AD3d 584 [2007]; Healy v Williams, 30 AD3d 466 [2006]).

To impose a constructive trust upon real property, a plaintiff must prove: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]; Eickler v Pecora, 12 AD3d 635 [2004]). Here, the Supreme Court properly found that the appellants-respondents in action No. 1 failed to establish the elements of transfer in reliance and unjust enrichment.

The appellants-respondents' remaining contentions are without merit. Spolzino, J.P., Ritter, Lifson and Angiolillo, JJ., concur. [See 2006 NY Slip Op 30022(U).]