■ Cynthia Altoriso Broderson et al., Appellants, v Gary Parsons et al., Respondents. [964 NYS2d 259]—

In an action, inter alia, to impose a constructive trust upon certain real property, the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Archer, Ct. Atty. Ref.), dated August 19, 2011, which denied their motion, inter alia, pursu-

ant to CPLR 4404 (b) to set aside a decision of the same court dated April 18, 2011, made after a nonjury trial, and for judgment as a matter of law in their favor on the fourth cause of action, which sought to impose a constructive trust on certain real property, or, alternatively, for a new trial on that cause of action, (2) from an order of the same court, also dated August 19, 2011, which directed the dismissal of the fourth cause of action, and (3), as limited by their brief, from so much of a judgment of the same court dated September 19, 2011, as, upon the decision and the orders, is in favor of the defendants and against them dismissing the fourth cause of action.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff Cynthia Altoriso Broderson is a cousin of the defendants Lisa Parsons and Gary Parsons. In 1989, Broderson signed a deed (hereinafter the 1989 deed) conveying her 25% interest in certain residential real property (hereinafter the subject property), which she had inherited from her father, to the defendant Lisa Parsons (hereinafter Lisa). According to Broderson, this transfer was made to Lisa with the understanding that if the subject property were ever sold, Broderson would still share in the proceeds. Anne Parsons, who was Lisa's mother and Broderson's aunt, also signed the 1989 deed, thus conveying her own interest in the subject property to Lisa as well. Upon acquisition of the 1989 deed, Lisa, who resided in a house located on the subject property, became the sole title owner of the subject property. In 1992, Lisa conveyed the subject property to her brother and his wife, the defendants Gary Parsons and Joan Parsons, although Lisa continued to live there. In or around 2005, Lisa moved out of the house, and, subsequently, Broderson commenced this action, inter alia, to impose a constructive trust on the subject property. Following a nonjury trial before a referee, judgment was rendered in favor of the defendants.

"The elements of a constructive trust are a confidential or fiduciary relationship, a promise, a transfer in reliance thereon,

and unjust enrichment" (*Williams v Eason*, 49 AD3d 866, 868 [2008]; *see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *O'Brien v Dalessandro*, 43 AD3d 1123, 1124 [2007]). These requirements, however, are not to be rigidly applied (*see Matter of Wieczorek*, 186 AD2d 204, 205 [1992]). The ultimate purpose of a constructive trust is to prevent unjust enrichment, and it will be imposed " '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' " (*Sharp v Kosmalski*, 40 NY2d at 121, quoting *Beatty v Guggenheim Exploration Co.*, 225 NY 380, 386 [1919]; *see Rowe v Kingston*, 94 AD3d 852, 853 [2012]; *Poupis v Brown*, 90 AD3d 881, 882 [2011]).

A referee appointed to hear and determine an issue has all the powers of the court in performing a like function, including entertaining posttrial motions pursuant to CPLR article 44 (*see* CPLR 4301, 4318; *Muir v Cuneo*, 267 AD2d 439, 440 [1999]). "On an appeal from a judgment after a nonjury trial, this Court's power to review the evidence is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, giving due regard to the trial court, which had the advantage of assessing the credibility of the witnesses" (*Rock v Rock*, 100 AD3d 614, 615-616 [2012]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

Here, the Supreme Court properly concluded that Broderson failed to satisfy her burden of proof with respect to the elements necessary to impose a constructive trust. Although the parties shared a confidential relationship (*see e.g. Reiner v Reiner*, 100 AD2d 872, 874 [1984]), the court's determination that Broderson failed to establish that there was a transfer in reliance on a promise or that the defendants were unjustly enriched was warranted by the evidence. The uncontroverted testimony at trial established that Gary Parsons had paid the taxes and associated maintenance costs on the subject property beginning in1992, at the latest, even though he did not reside there himself (*cf. Rowe v Kingston*, 94 AD3d 852 [2012]). Meanwhile, Broderson admitted that she had not contributed either financially or in sweat equity to the subject property since 1980, at the latest; in fact, Broderson admitted that she conveyed the subject property to Lisa in large part to absolve herself of any financial responsibility for it. Furthermore, Broderson did not submit any evidence, such as documentation of the property taxes, rental income, and the proposed sale value of the subject property, to demonstrate that the defendants would be unjustly enriched by retaining legal title. Accordingly,

the Supreme Court properly determined that a constructive trust should not be imposed (*see Losner v Cashline, L.P.*, 41 AD3d 789, 790 [2007]; *Koslowski v Koslowski*, 297 AD2d 784, 785 [2002]; *Potter v Davie*, 275 AD2d 961, 964 [2000]; *see generally McGrath v Hilding*, 41 NY2d 625, 629 [1977]).

In light of our determination, the defendants' remaining contention has been rendered academic. Broderson's remaining contentions are without merit. Mastro, J.P., Chambers, Hall and Lott, JJ., concur.