Daniels v Ruggiero (2024 NY Slip Op 04194)

Daniels v Ruggiero

2024 NY Slip Op 04194

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2022-09537
 (Index No. 600396/19)

[*1]Joseph Daniels, appellant, 
v
Jessica Ruggiero, respondent.

Law Office of David W. Teeter, P.C., Uniondale, NY, for appellant.
Drossman & Associates, PLLC, Mineola, NY (Jennifer L. Drossman of counsel), for respondent.

DECISION & ORDER
In an action to impose a constructive trust, the plaintiff appeals from an order of the Supreme Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated October 24, 2022. The order, in effect, granted the defendant's application pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
The plaintiff and the defendant were formerly involved in a romantic relationship. In August 2009, during the relationship, the parties agreed to purchase certain residential property together. The plaintiff contributed $69,695 in cash toward the purchase price, and the defendant obtained a mortgage in her name only, thereby contributing the remainder of the purchase price, $85,450. Only the defendant's name was placed on the deed to the property.
The parties renovated the property from 2009 through 2010, with the defendant contributing $13,351 in excess of the plaintiff's contribution to the renovations. The plaintiff subsequently vacated the property in 2016. It is undisputed that before and after the plaintiff vacated the property, the defendant paid the carrying charges for the property, including interest on the mortgage, property taxes, and homeowners' insurance. The defendant also paid for other improvements and maintenance costs. It is further undisputed that, from 2009 through December 31, 2021, the plaintiff collected rent on the property in the sum of $83,800, and the defendant collected rent on the property in the sum of $57,600.
In 2019, the plaintiff commenced this action to impose a constructive trust on the property. The parties agreed to certain stipulated facts, as related above, and the matter proceeded to a nonjury trial. At the close of the plaintiff's case, the defendant made an application pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. In an order dated October [*2]24, 2022, the Supreme Court, in effect, granted the application. The plaintiff appeals.
"To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational process by which the [factfinder] could find for the plaintiff against the moving defendant" (Pieter v Polin, 148 AD3d 1193, 1193 [internal quotation marks omitted]).
"To obtain the remedy of a constructive trust, a party is generally required to establish four factors, or elements, by clear and convincing evidence: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment flowing from the breach of the promise" (Delidimitropoulos v Karantinidis, 186 AD3d 1489, 1490; see Toobian v Golzad, 193 AD3d 784, 789). The requirements are flexible, with the "ultimate purpose" of a constructive trust being the prevention of unjust enrichment (Broderson v Parsons, 106 AD3d 677, 679). "To prove unjust enrichment, a party must show that the other party was enriched at his or her expense, and [that] it is against equity and good conscience to permit that person to retain what is sought to be recovered" (see Delidimitropoulos v Karantinidis, 186 AD3d at 1491).
Here, the Supreme Court correctly determined that there was no rational process by which it could find for the plaintiff against the defendant, as the plaintiff's evidence failed to demonstrate, prima facie, that the defendant was unjustly enriched at the plaintiff's expense so as to warrant the imposition of a constructive trust. Although the plaintiff made an initial contribution to the property, he admitted that he subsequently collected more than the amount of that contribution in rent and failed to demonstrate that he made any further contributions to the property, as compared to the defendant, who took sole financial responsibility for the property. Further, the plaintiff failed to demonstrate, through competent evidence, the market value of the property. Under these circumstances, the plaintiff failed to demonstrate, prima facie, that the defendant was unjustly enriched at the plaintiff's expense, and that it would be against equity and good conscience to allow the defendant to retain legal title to the property (see Broderson v Parsons, 106 AD3d at 679).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly, in effect, granted the defendant's application pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint.
IANNACCI, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court