◼ CLOYD DAVIS, Appellant, v. DOROTHY E. CALDWELL, as Administratrix of the Estate of RALPH S. CALDWELL, Deceased, Respondent, et al., Defendant.— In an action by appellant for various types of relief including money damages, conveyance to him by respondent of certain real property and an accounting of the rents and profits of said property, based principally on the theory that respondent's intestate held title to such property as trustee for the benefit of appellant, the appeal is from a judgment, which *inter alia,* awards appellant money damages, except insofar as it dismisses the amended complaint against defendant. Judgment modified on the law and the facts by striking from the third ordering paragraph the words and figures " and the defendant Dorothy E. Caldwell, as administratrix, is entitled to credit against this liability in the sum of $2,750.00 for rent with interest in the amount of $378.10 from January 1, 1950, leaving a net recovery of the plaintiff Cloyd Davis against the defendant Dorothy E. Caldwell, as Administratrix of the Estate of Ralph S. Caldwell of $2,066.39 which is inclusive of interest ". As so modified, judgment, insofar as appealed from, unanimously affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, appellant failed to prove the agreement between himself and respondent's intestate and the other facts relied upon to establish the alleged constructive trust, by clear, convincing and competent evidence. (Cf. *Schmitz* v. *Schmitz,* 234 App. Div. 73, 77.) Appellant's testimony as to personal transactions and communications with the deceased was inadmissible, as against respondent, under section 347 of the Civil Practice Act. Assuming, without deciding, that under some circumstances the door may be opened to such testimony through the examination of a witness by the attorney for one of the other parties, we believe that the facts in *Matter of*

*Van Muffling* (154 Misc. 300), cited by appellant as enunciating such a rule, are clearly distinguishable. The evidence was insufficient to justify a charge against appellant for use and occupation of the premises. There was a complete absence of proof from which it could be presumed that the relation of landlord and tenant existed, or warranting the inference that there was an agreement or expectation that rent would be paid. (Cf. *Preston* v. *Hawley,* 101 N. Y. 586, 588; *Collyer* v. *Collyer,* 113 N. Y. 442, 448; *Preston* v. *Hawley,* 139 N. Y. 296, 298; *Lamb* v. *Lamb,* 146 N. Y. 317, 323; *Hall* v. *Southmayd,* 15 Barb. 32, 36, and *Biglow* v. *Biglow,* 75 App. Div. 98, 101.) Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ. [See *post,* p. 964.]