■ MILKA IWANOW, Appellant, v STANISLAW IWANOW, Defendant, and CMS REALTY CORPORATION, Respondent. [834 NYS2d 251]—

In an action, inter alia, for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), entered October 5, 2005, which granted the motion of the defendant CMS Realty Corporation to dismiss the third cause of action in the second amended verified complaint to impose a constructive trust insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant CMS Realty Corporation to dismiss the third cause of action in the second amended verified complaint to impose a constructive trust insofar as asserted against it is denied.

On a motion to dismiss a pleading for failure to state a cause of action, the "pleading is to be liberally construed, accepting all of the facts alleged therein to be true, and according the allegations the benefit of every possible favorable inference" (*Klein v Gutman*, 12 AD3d 348, 351 [2004]; *see Maric Piping v Maric*, 271 AD2d 507 [2000]). Applying this standard to the plaintiff's second amended verified complaint, we disagree with the Supreme Court's conclusion that she failed to state a cause of action to impose a constructive trust upon certain real property owned by the defendant CMS Realty Corporation (hereinafter CMS Realty), which is 95% owned by the defendant husband (*see Sharp v Kosmalski*, 40 NY2d 119 [1976]; *Nastasi v Nastasi*, 26 AD3d 32, 37 [2005]).

The elements needed to impose a constructive trust are (1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Sharp v*

*Kosmalski, supra* at 121; *Nastasi v Nastasi, supra* at 37). Here, pursuant to a stipulation, the parties agreed that the husband would purchase for the wife either an identified property, or one of similar value, and that such property would be titled in her name only and would remain her separate property. The wife alleged that a property was in fact purchased pursuant to the stipulation, although she agreed to allow the property to be titled in the name of CMS Realty based upon the husband's representation that such ownership would be to her advantage, and his promise that the property would remain her separate property. However, she alleged, the husband is now refusing to recognize her ownership of the property, and is claiming it as his separate property. Accepting these allegations as true, and according them the benefit of every possible favorable inference, the allegations are sufficient to state a cause of action to impose a constructive trust on the property. The constructive trust doctrine is given broad scope to respond to all human implications of a transaction in order to give expression to the conscience of equity and to satisfy the demands of justice (*see Simonds v Simonds*, 45 NY2d 233, 241 [1978]; *Sharp v Kosmalski, supra* at 123; *Nastasi v Nastasi, supra* at 39). Performance of a wrongful act by the party unjustly enriched is not required. Rather, what is required, generally, is that a party "hold property under such circumstances that in equity and good conscience he [or she] ought not to retain it" (*Simonds v Simonds*, 45 NY2d 233, 242 [1978] [internal quotation marks omitted]). Consequently, the plaintiff's cause of action to impose a constructive trust should not have been dismissed.

In light of the foregoing, we need not consider the plaintiff's remaining contentions. Rivera, J.P., Ritter, Goldstein and Angiolillo, JJ., concur.