■ CAROL WATSON, Respondent, v LENOX PASCAL, Appellant, et al., Defendant. [886 NYS2d 440]—

In an action, inter alia, in effect, to impose a constructive trust on certain real property, the defendant Lenox Pascal appeals from a judgment of the Supreme Court, Westchester County (Loehr, J.), dated May 5, 2008, which, upon a decision of the same court dated February 15, 2008, made after a nonjury trial, adjudged that the plaintiff and the defendant Lenox Pascal own the subject real property as joint tenants, and directed the partition and sale of the real property.

Ordered that the judgment is modified, on the law, by deleting the provision thereof adjudging that the plaintiff and the defendant Lenox Pascal own the subject real property as joint tenants, and substituting therefor a provision adjudging that

the plaintiff and the defendant Lenox Pascal own the real property as tenants in common; as so modified, the judgment is affirmed, without costs or disbursements.

The plaintiff and the defendant Lenox Pascal were in a long-term relationship and are the parents of a daughter born in 1988. In 1991, while the plaintiff and Pascal resided together, Pascal was the high bidder at a foreclosure auction of certain real property, and the resulting memorandum of sale listed Pascal and the plaintiff as the purchasers. Pascal paid the 10% down payment, and he and the plaintiff obtained mortgage financing as coborrowers. When the mortgage was obtained, Pascal was unemployed and the plaintiff was employed in a nursing home. At the closing on the subject real property, the referee's deed was issued to the plaintiff and Pascal as co-owners. At the request of Pascal, the plaintiff executed a deed transferring title to Pascal. The plaintiff paid for remodeling to enable the parties to rent the third floor of the residence, and she paid the mortgage for the next seven years. Pascal started paying the mortgage in 1999, and locked the plaintiff out of the premises in 2002. The plaintiff commenced this action, inter alia, in effect, to impose a constructive trust.

"[A] constructive trust may be imposed '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' (*Beatty v Guggenheim Exploration Co.*, 225 NY 380, 386)" (*Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]). "The necessary elements for the imposition of a constructive trust are: (1) a confidential or fiduciary relationship; (2) a promise; (3) a transfer in reliance on that promise; and (4) unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d at 121)" (*Maiorino v Galindo*, 65 AD3d 525, 526-527 [2009]; *see A.G. Homes, LLC v Gerstein*, 52 AD3d 546 [2008]; *Osborne v Tooker*, 36 AD3d 778 [2007]). The remedy is flexible and a constructive trust may be imposed even without an express promise where, given reliance upon the confidential relationship of the parties, "a promise may be implied or inferred from the very transaction itself" (*Sharp v Kosmalski*, 40 NY2d 119, 122 [1976]). The trial court found the plaintiff was the more credible witness and the testimony supports the imposition of the constructive trust.

Partition was properly directed as an equitable remedy for Pascal's unjust enrichment (*see Hornett v Leather*, 145 AD2d 814 [1988]). However, there was no basis to impose a joint tenancy as the form of ownership by the parties (*see Matter of Vadney*, 83 NY2d 885, 886 [1994]).

Pascal's remaining contentions are without merit. Spolzino, J.P., Miller, Angiolillo and Dickerson, JJ., concur.