■ MEI YUN CHEN, Respondent, v MEI WAN KAO, Appellant. [948 NYS2d 426]—

In order to obtain the remedy of a constructive trust, a plaintiff generally is required to demonstrate four factors: (1) a fiduciary or confidential relationship between the parties, (2) a promise, (3) a transfer of some asset in reliance upon the promise, and (4) unjust enrichment flowing from the breach of the promise (*see McGrath v Hilding*, 41 NY2d 625, 629 [1977]; *Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]). To achieve equity and avoid unjust enrichment, the courts apply these factors flexibly rather than rigidly (*see Simonds v Simonds*, 45 NY2d 233, 241 [1978]; *Moak v Raynor*, 28 AD3d 900, 902 [2006]).

Contrary to the defendant's contention, the evidence adduced at trial supported the Supreme Court's finding that all of the elements for the imposition of a constructive trust had been satisfied, since there was proof that a relationship of trust and dependence existed between the plaintiff and the defendant due to their close friendship lasting over 20 years and prior financial dealings, that the defendant promised to hold the plaintiff's one-half interest in the subject property, that the plaintiff transferred money to the defendant in reliance on that promise, and that the defendant thereafter denied the plaintiff's one-half ownership of the property and sought to have her evicted from the subject apartment. In view of this evidence, there is no basis upon which to disturb the Supreme Court's judgment (*see Watson v Pascal*, 65 AD3d 1333 [2009]; *Squiciarino v Squiciarino*, 35 AD3d 844 [2006]; *Byrd v Brown*, 208 AD2d 582 [1994]). Angiolillo, J.P., Belen, Chambers and Austin, JJ., concur.