■ THOMAS WOLFF, Appellant, v JULIE E. GLICK et al., Respondents. [954 NYS2d 592]—

In an action, inter alia, to impose a constructive trust upon a business, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Putnam County (Nicolai, J.), dated September 15, 2010, as, upon a decision of the same court dated July 26, 2010, made after a nonjury trial, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (*Rowe v Kingston*, 94 AD3d 852, 853 [2012]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). "In order to obtain the remedy of a constructive trust, a plaintiff generally is required to demonstrate four factors: (1) a fiduciary or confidential relationship between the parties, (2) a promise, (3) a transfer of some asset in reliance upon the promise, and (4) unjust enrichment flowing from the breach of the promise" (*Mei Yun Chen v Mei Wan Kao*, 97 AD3d 730, 730 [2012]; *see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]). Applying these principles, we discern no basis to disturb the Supreme Court's determination. Accordingly, the Supreme Court properly dismissed the plaintiff's cause of action to impose a constructive trust.

The plaintiff's remaining contentions, made in connection with the remaining causes of action, are without merit. Rivera, J.P., Balkin, Leventhal and Chambers, JJ., concur.