■ MARIA DELSA DIAZ et al., Respondents, v REMELIE DIAZ, Appellant. [13 NYS3d 455]—

In an action, inter alia, to impose a constructive trust on certain real property, the defendant appeals from a judgment of the Supreme Court, Queens County (Florio, Ct. Atty. Ref.), entered February 11, 2014, which, upon a decision of the same court dated May 30, 2012, made after a nonjury trial, adjudged that the plaintiff Reynida Diaz is a one-third owner of the subject property, and directed the Register of the City of New York to file the judgment against the subject property.

Ordered that the judgment is affirmed, with costs.

The two plaintiffs and the defendant are sisters and reside together, with other family members, in a single-family home in Jamaica, New York (hereinafter the subject property). The subject property, which was purchased in 1994, is titled in the name of the defendant and only one of the plaintiff sisters, although the plaintiffs contend that, from the time of the purchase of the subject property, the three sisters had agreed that all three were the co-owners and the other plaintiff sister, Reynida Diaz, would be added to the deed at some later date. At the time of the purchase of the subject property, Reynida Diaz had not been included on the original deed due to her credit history, but she nonetheless provided a co-equal one-third share of the down payment for the mortgage. When the defendant refused to add Reynida Diaz to the deed, the two plaintiff sisters commenced this action seeking, inter alia, to impose a constructive trust awarding a one-third interest in

the subject property to Reynida Diaz. A nonjury trial was held in January 2012. Thereafter, the trial court found, in a decision dated May 30, 2012, inter alia, that a constructive trust should be imposed on the subject property for the benefit of Reynida Diaz. A judgment entered February 11, 2014, adjudged Reynida Diaz to be a one-third owner of the subject property and directed the Register of the City of New York to file the judgment against the subject property. The defendant appeals, and we affirm.

In general, the imposition of a constructive trust is appropriate in situations when " 'property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' " (*Sharp v Kosmalski*, 40 NY2d 119, 121 [1976], quoting *Beatty v Guggenheim Exploration Co.*, 225 NY 380, 386 [1919]; *see Plumitallo v Hudson Atl. Land Co., LLC*, 74 AD3d 1038, 1039 [2010]). The elements of a constructive trust are (1) a fiduciary or confidential relationship; (2) an express or implied promise; (3) a transfer in reliance on the promise; and (4) unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d at 121; *see also Watson v Pascal*, 65 AD3d 1333, 1334 [2009]). A party must establish the elements of a constructive trust by clear and convincing evidence (*see Klam v Klam*, 239 AD2d 390, 391 [1997]; *Davis v Caldwell*, 1 AD2d 827, 827 [1956]).

Here, contrary to the defendant's contention, the trial court properly found that the plaintiffs established the requisite elements of a constructive trust by clear and convincing evidence. There is no dispute that the first element, a confidential relationship, exists among the sisters (*see Reiner v Reiner*, 100 AD2d 872, 874 [1984]), a fact conceded by the defendant. As to the second element, the testimony of the two plaintiff sisters, the defendant, and a family friend, as well as the documentary evidence, established the existence of an express agreement among the parties at the time the subject property was purchased that Reynida Diaz would be added to the deed at some later date (*see Djamoos v Djamoos*, 153 AD2d 871, 872 [1989]; *Lester v Zimmer*, 147 AD2d 340, 341 [1989]). The plaintiffs also established the transfer in reliance element in that, at the time of the purchase of the subject property, Reynida Diaz had given the defendant $13,000, the same amount contributed by the defendant and the other plaintiff, in exchange for the promise of being added to the title as a co-owner at a later date (*see Plumitallo v Hudson Atl. Land Co., LLC*, 74 AD3d at 1040; *Gottlieb v Gottlieb*, 166 AD2d 413, 414 [1990]). The fourth element, that the defendant would be

unjustly enriched if the constructive trust was not imposed, was also established in that the defendant had received the $13,000 from Reynida Diaz, as well as payments from her toward the monthly mortgage and maintenance of the property equal to the amounts contributed by the defendant and the other plaintiff who was on the deed to the subject property (*see Watson v Pascal*, 65 AD3d at 1334).

This Court's power to review the evidence, on an appeal from a judgment after a nonjury trial, is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts (*see Broderson v Parsons*, 106 AD3d 677, 679 [2013]). To the extent that the issues turned on the credibility of the witnesses, the trial court credited the testimony of the plaintiffs and the family friend over the testimony of the defendant, and such credibility determination is entitled to deference as the trial court was able to observe the demeanor and credibility of each witness (*see id.* at 679; *Watson v Pascal*, 65 AD3d at 1334).

Accordingly, the judgment imposing the constructive trust, giving Reynida Diaz a one-third interest in the subject property and directing the Register of the City of New York to file the judgment, was warranted by the facts and will not be disturbed. Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.