■ Ning Xiang Liu, Appellant, v Al Ming Chen, Respondent, et al., Defendants. [19 NYS3d 565]—

In an action, inter alia, for ejectment, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Yablon, Ct. Atty. Ref.), dated October 22, 2013, as, after a nonjury trial, awarded judgment in favor of the defendant Al Ming Chen on her counterclaim to impose a constructive trust on the subject real property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Diaz v Diaz*, 130 AD3d 560, 562 [2015]; *Matter of Breslin v Superior Steakhouse Sys. Holding Corp.*, 124 AD3d 771, 773 [2015]). " 'Where the findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations' " (*Papovitch v Papovitch*, 84 AD3d 1045, 1046 [2011], quoting *Praimnath v Torres*, 59 AD3d 419, 419-420 [2009]; *see Zwarycz v Marnia Constr., Inc.*, 130 AD3d 922, 923 [2015]).

"Generally, a constructive trust may be imposed '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' " (*Sharp v Kosmalski*, 40 NY2d 119, 121 [1976], quoting *Beatty v Guggenheim Exploration Co.*, 225 NY 380, 386 [1919]; *see Diaz v Diaz*, 130 AD3d at 561). "The elements of a constructive trust are (1) a fiduciary or confidential relationship; (2) an express or implied promise; (3) a transfer in reliance on the promise; and (4) unjust enrichment" (*Diaz v*

*Diaz*, 130 AD3d at 561; *see Sharp v Kosmalski*, 40 NY2d at 121). While these factors are useful in many cases, the constructive trust doctrine is not rigidly limited (*see Simonds v Simonds*, 45 NY2d 233, 241 [1978]; *Matter of Harold*, 112 AD3d 929, 931 [2013]). Thus, although the elements of a constructive trust must be proved by clear and convincing evidence (*see Diaz v Diaz*, 130 AD3d at 561), "[t]he constructive trust doctrine is given broad scope to respond to all human implications of a transaction in order to give expression to the conscience of equity and to satisfy the demands of justice" (*Iwanow v Iwanow*, 39 AD3d 476, 477 [2007]; *see Simonds v Simonds*, 45 NY2d at 241; *Sharp v Kosmalski*, 40 NY2d at 123).

Here, the Supreme Court properly awarded judgment in favor of the defendant Al Ming Chen on her counterclaim to impose a constructive trust on the subject real property. Contrary to the plaintiff's contention, Chen offered evidence satisfying the elements generally needed for the imposition of a constructive trust. The plaintiff's contention that Chen never had any interest in the subject property, and therefore is not entitled to the imposition of a constructive trust, is without merit. Chen showed that she contributed money for the purchase of the subject property and for paying down the mortgage in reliance on an implied promise by the plaintiff that she shared an interest in the property (*see Diaz v Diaz*, 130 AD3d at 561; *Rock v Rock*, 100 AD3d 614, 616 [2012]; *Moak v Raynor*, 28 AD3d 900, 902 [2006]). Moreover, Chen demonstrated that a constructive trust is necessary in this case to satisfy the demands of justice (*see Simonds v Simonds*, 45 NY2d at 241). Chambers, J.P., Hall, Duffy and Barros, JJ., concur.