■ ROZANA SANXHAKU, Respondent, v JORGJIE MARGETIS, Appellant. [56 NYS3d 238]—

In an action for the partition and sale of real property, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Bunyan, J.), dated March 15, 2016, as, upon an order of that court (Sunshine, Ct. Atty. Ref.) dated November 19, 2014, made after a hearing, dismissed her counterclaim for the imposition of a constructive trust.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In 2008, the defendant, with the assistance of counsel, made plans to transfer ownership of two residential properties in Brooklyn to her two children. As pertinent to this appeal, in December 2008, the defendant conveyed a 99% interest in the subject property to her daughter, the plaintiff, while retaining a 1% interest for herself. After the parties' relationship deteriorated, the plaintiff commenced this action for the partition and sale of the subject property. The defendant asserted a counterclaim, inter alia, for the imposition of a constructive trust. A court attorney referee was appointed to hear and determine the issue of whether to impose a constructive trust on the subject property.

After a hearing, the Referee, based upon the conflicting testimony of the parties and testimony from a nonparty attorney, determined, among other things, that the defendant's testimony was not credible and that she failed to establish, by clear and convincing evidence, that the subject transfer was

made in reliance on any express or implied promise by the plaintiff or that the transfer resulted in unjust enrichment. Based upon the Referee's determination, the Supreme Court entered a judgment, inter alia, dismissing the defendant's counterclaim for the imposition of a constructive trust. The defendant appeals, arguing that the court should have imposed a constructive trust in her favor.

"A constructive trust is an equitable remedy and its purpose is to prevent unjust enrichment" (*Marini v Lombardo*, 79 AD3d 932, 933 [2010] [citation omitted]; *see Tyree v Henn*, 109 AD3d 906, 907 [2013]; *Henning v Henning*, 103 AD3d 778, 779-780 [2013]). To obtain the remedy of a constructive trust, a party is generally required to establish four factors, or elements, by clear and convincing evidence: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment flowing from the breach of the promise (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Kaprov v Stalinsky*, 145 AD3d 869, 870 [2016]; *Diaz v Diaz*, 130 AD3d 560, 561 [2015]; *Tyree v Henn*, 109 AD3d at 907; *Ewart v Ewart*, 78 AD3d 992, 993 [2010]). "[T]hese factors, or elements, serve only as a guideline, and a constructive trust may still be imposed even if all four elements are not established" (*Tyree v Henn*, 109 AD3d at 907-908, citing, inter alia, *Simonds v Simonds*, 45 NY2d 233, 241 [1978]; *see Henning v Henning*, 103 AD3d at 780), because "[t]he constructive trust doctrine is given broad scope to respond to all human implications of a transaction in order to give expression to the conscience of equity and to satisfy the demands of justice" (*Ning Xiang Liu v Al Ming Chen*, 133 AD3d 644, 645 [2015]; *see Kaprov v Stalinsky*, 145 AD3d at 870).

" 'The credibility determinations of a referee are entitled to deference on appeal, since the referee had the opportunity to see and hear the witnesses' " (*S. Nicolia & Sons Realty Corp. v A.J.A. Concrete Ready Mix, Inc.*, 137 AD3d 994, 995 [2016], quoting *Tihomirovs v Tihomirovs*, 123 AD3d 808, 809 [2014]). Here, there is no reason to disturb the Referee's determination, after the hearing, that the defendant's testimony was incredible and that she failed to establish by clear and convincing evidence that the plaintiff made any express or implied promise to induce her to make the subject property transfer (*see generally O'Brien v Dalessandro*, 43 AD3d 1123, 1124 [2007]). Further, the Referee properly concluded that there was no unjust enrichment resulting from the transfer. Among other things, the evidence adduced at the hearing demonstrated that the defendant's intention at the time of the transfer was to provide

each of her children with a residential property in Brooklyn as a gift, and that the defendant had sufficient means to make such a transfer and thereafter provide for her own financial needs (*cf. Sharp v Kosmalski*, 40 NY2d at 122). Moreover, there was no indicia that the plaintiff was merely holding a 99% interest in the property as a convenience to the defendant (*cf. Kaprov v Stalinsky*, 145 AD3d at 872). Hall, J.P., Sgroi, Maltese and LaSalle, JJ., concur.