Citimortgage, Inc. v Heyman (2020 NY Slip Op 05031)





Citimortgage, Inc. v Heyman


2020 NY Slip Op 05031


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-09286
 (Index No. 69666/14)

[*1]Citimortgage, Inc., etc., respondent,
v
Alan Heyman, etc., et al., appellants, et al., defendants.


Alan Heyman and Melanie Heyman, Briarcliff Manor, NY, appellants pro se.
Akerman LLP, New York, NY (Ashley S. Miller and Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Alan Heyman and Melanie Heyman appeal from a judgment of foreclosure and sale of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated February 22, 2018. The judgment of foreclosure and sale, upon an order of the same court dated July 25, 2016, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' answer and counterclaim, and for an order of reference, and denying those defendants' cross motion for leave to amend their answer to assert the affirmative defense of unclean hands, inter alia, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In October 2014, the plaintiff commenced this action against the defendants Alan Heyman and Melanie Heyman (hereinafter together the defendants), among others, to foreclose a consolidated mortgage. The defendants interposed an answer in which they asserted a counterclaim, alleging, inter alia, that, after forgiving a subordinate mortgage, the plaintiff improperly issued a Form 1099-C to the Internal Revenue Service for each of them, thus effectively doubling their tax liability. The plaintiff served a reply to the counterclaim.
In April 2016, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendants' answer and counterclaim, and for an order of reference. The defendants cross-moved for leave to amend their answer to assert the affirmative defense of unclean hands. The Supreme Court granted those branches of the plaintiff's motion and denied the defendants' cross motion. Thereafter, the court entered a judgment of foreclosure and sale dated February 22, 2018. The defendants appeal.
"To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce 'the mortgage, the unpaid note, and evidence of default'" (Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 899, quoting Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d 895, 895; see Bank of N.Y. Mellon v Buckowitz, 164 AD3d 730, 733). "The burden then shifts to the defendant to demonstrate the existence of a triable issue of fact as to a bona fide defense to the action, such as [*2]waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff" (Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d at 895 [internal quotation marks omitted]).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the note, and the affidavit of Adam Gantner, its business operations analyst, along with a payment history for the loan. In his affidavit, Gantner stated that, based on his review of the payment history, the defendants failed to make the payment due on October 1, 2010, and "payments thereafter." The payment history shows that no payment was made in October 2010, and that the payments were missed thereafter. The plaintiff also submitted a notice of default dated December 16, 2010, advising the defendants that they must pay "the past due amount of $19,013.80" by January 16, 2011, in order to cure the default, and a 90-day notice dated February 15, 2011, advising that the loan was 137 days in default and that the defendants could cure the default by making a payment of $31,703.58 by May 16, 2011. The payment history shows that, on February 21, 2011, the defendants made a payment in the sum of $31,242.30, $461.28 less than the amount needed to cure. In light of the foregoing, the plaintiff established, prima facie, that the defendants defaulted on their payment obligations for the subject mortgage loan. In opposition, the defendants failed to raise a triable issue of fact. Contrary to their contention, the plaintiff's motion was not premature on the ground that further discovery was warranted, as the defendants failed to demonstrate that discovery might lead to relevant evidence in connection with the plaintiff's evidence of default (see Swedbank, AB, N.Y. Branch v Hale Ave. Borrower, LLC, 89 AD3d 922, 924).
"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Markowits v Friedman, 144 AD3d 993, 995; see CPLR 3025[b]; Yong Soon Oh v Hua Jin, 124 AD3d 639, 640). Here, the defendants' proposed affirmative defense of unclean hands, based on the plaintiff's issuance of two Form 1099-C's with respect to the forgiveness of the subordinate mortgage, was patently devoid of merit. "The doctrine of unclean hands applies when the complaining party shows that the offending party is guilty of immoral, unconscionable conduct and even then only when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct" (Kopsidas v Krokos, 294 AD2d 406, 407 [internal quotation marks omitted]; see Ortiz v Silver Invs., 165 AD3d 1156). Although the plaintiff concedes that it need not have issued a Form 1099-C to each of the defendants (see 26 CFR 1.6050P-1[e][1]), in support of their cross motion, the defendants offered nothing to substantiate their claim that, by doing so, the plaintiff effectively doubled their tax liability with respect to the forgiven mortgage debt. In any event, the defendants failed to demonstrate that such an unwarranted tax liability would have been directly related to the consolidated mortgage at issue in this foreclosure action. Also without merit is the defendants' contention that the plaintiff's alleged misapplication of their payment in the sum of $31,242.30 constituted immoral, unconscionable conduct for purposes of the doctrine of unclean hands.
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and counterclaim, and for an order of reference, and denying the defendants' cross motion for leave to amend their answer to assert the affirmative defense of unclean hands.
DILLON, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court