Duryea PL, LLC v Wright (2022 NY Slip Op 51373(U))

[*1]

Duryea PL, LLC v Wright

2022 NY Slip Op 51373(U) [77 Misc 3d 139(A)]

Decided on December 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON,
CHEREÉ A. BUGGS, JJ

2021-121 K C

Duryea PL, LLC, Appellant,
against
Delroy Wright, Individually and Doing Business as Delroy's
Cafe, Respondent, Pavelle Hurd-Wright, Individually and Doing Business as Delroy's
Cafe, Tenant, John Doe, Jane Doe, and XYZ Corp., Undertenants.

Slochowsky & Slochowsky, LLP (John J. Cannavo of counsel), for appellant.
Delroy Wright, respondent pro se.

Appeals from an order of the Civil Court of the City of New York, Kings County
(Jill R. Epstein, J.), dated February 19, 2021 and a February 26, 2021 refusal by that
court to sign an order to show cause. The order dated February 19, 2021, insofar as
appealed from as limited by the brief, upon, in effect, renewal, granted Delroy Wright's
motion to vacate a default final judgment of that court entered November 20, 2019
against Delroy Wright and Delroy's Cafe, and to restore the case to the calendar in a
holdover summary proceeding.

ORDERED that the appeal from the February 26, 2021 refusal to sign the order to
show cause is dismissed, as no appeal lies from a refusal to sign an order to show cause
(see CCA 1702 [a] [2]; Matter of Allah v Scheinman, 61 NY2d 755
[1984]; cf. CPLR 5704 [b]); and it is further,
ORDERED that the order dated February 19, 2021, insofar as appealed from, is
modified by providing that, upon, in effect, renewal, Delroy Wright's motion to vacate
the November 20, 2019 default final judgment and to restore the case to the calendar is
granted to the extent of vacating the monetary award against Delroy Wright and Delroy's
Cafe contained in the default final judgment; as so modified, the order, insofar as
appealed from, is affirmed, without costs, and the matter is remitted to the Civil Court for
the entry of a final judgment in accordance with the decision herein.
Landlord commenced this commercial holdover proceeding against, insofar as is
relevant to this appeal, Delroy Wright (tenant), individually and doing business as
Delroy's Cafe, to recover possession of the premises and rent arrears totaling $28,595.74.
Tenant appeared in the proceeding but failed to appear on an adjourned trial date, and,
following an inquest, a default final judgment against tenant and Delroy's Cafe was
entered on November 20, 2019 awarding landlord possession and arrears in the total sum
of $126,829.84.[FN1]
Tenant subsequently moved to vacate the default final judgment and to restore the case to
the calendar, which motion was denied by order dated January 21, 2021. By order dated
February 19, 2021, the Civil Court, upon, in effect, renewal, granted tenant's motion
finding, in effect, that tenant had established a reasonable excuse for his default.
To vacate the default final judgment pursuant to CPLR 5015 (a) (1), tenant was
required to demonstrate both a reasonable excuse for the default and a potentially
meritorious defense to the proceeding (see Eugene Di Lorenzo, Inc. v A.C. Dutton
Lbr. Co., 67 NY2d 138 [1986]). Here, while we agree with the Civil Court that
tenant established a reasonable excuse for his default in failing to appear at trial (see Moorer v County of
Nassau, 175 AD3d 1404 [2019]), he failed to demonstrate a potentially
meritorious defense to the proceeding. Tenant's proffered defense is a claim of a
constructive trust, which claim can be asserted as an affirmative equitable defense to a
summary proceeding (see Fizzinoglia v Capozzoli, 58 Misc 3d 149[A], 2018 NY
Slip Op 50081[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; Freire v Fajardo, 28 Misc 3d
137[A], 2010 NY Slip Op 51453[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2010]; see also
Nissequogue Boat Club v State of New York, 14 AD3d 542 [2005]).
"Generally, a constructive trust may be imposed when property has been acquired in such
circumstances that the holder of the legal title may not in good conscience retain the
beneficial interest" (Sharp v Kosmalski, 40 NY2d 119, 121 [1976] [internal
quotation marks and brackets omitted]; see Edwards v Walsh, 169 AD3d 865 [2019]; Ning Xiang Liu v Al Ming
Chen, 133 AD3d 644 [2015]). "The elements of a constructive trust are (1) a
fiduciary or confidential relationship; (2) an express or implied promise; (3) a transfer in
reliance on the promise; and (4) unjust enrichment" (Ning Xiang Liu v Al Ming
Chen, 133 AD3d at 644 [internal quotation marks omitted]; see Sharp v
Kosmalski, 40 NY2d at 121).
Here, tenant did not present evidence that landlord had made a promise to tenant,
express or implied, to share in some interest in the subject premises, let alone that tenant's
payments to landlord were made in reliance on such a promise (see Delidimitropoulos v
Karantinidis, 186 AD3d 1489, 1491 [2020]; Monterosso v Garguilo, 181 AD3d 586, 587 [2020]; Seidenfeld v Zaltz, 162 AD3d
929, 935 [2018]). Therefore, tenant failed to establish a potentially meritorious
constructive-trust defense.
Tenant was likewise not entitled to vacatur of the default final judgment under
CPLR 5015 (a) (3), as tenant failed to show that landlord had procured the final
judgment by fraud, [*2]misrepresentation, or other
misconduct (see Chase Home
Fin., LLC v Quinn, 101 AD3d 793, 793 [2012]; Citicorp Vendor Fin., Inc. v Island
Garden Basketball, Inc., 27 AD3d 608, 609 [2006]).
However, it was error for the Civil Court, at inquest, to award landlord more than the
amount demanded in the petition (see Mustafa v Plein, 34 Misc 3d 146[A], 2012 NY Slip Op
50166[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Port Chester
Hous. Auth. v Turner, 189 Misc 2d 603 [App Term, 2d Dept, 9th & 10th Jud
Dists 2001]), and it would be inappropriate for this court to restore an incorrect monetary
award that has been vacated. Consequently, upon renewal, we grant tenant's motion only
to the extent of vacating the monetary award against tenant and Delroy's Cafe in the
default final judgment, and the matter is remitted to the Civil Court for the entry of a
proper final judgment.
We reach no other issue.
Accordingly, the order dated February 19, 2021, insofar as appealed from, is
modified by providing that, upon, in effect, renewal, Delroy Wright's motion to vacate
the November 20, 2019 default final judgment and to restore the case to the calendar is
granted to the extent of vacating the monetary award against Delroy Wright and Delroy's
Cafe contained in the default final judgment, and the matter is remitted to the Civil Court
for the entry of a final judgment in accordance with the decision herein.
ALIOTTA, P.J., and BUGGS, J., concur.
WESTON, J., concurs in part and dissents in part and votes to dismiss the appeal
from the February 26, 2021 refusal to sign the order to show cause and to reverse the
order dated February 19, 2021, insofar as appealed from, and, upon, in effect, renewal,
adhere to the Civil Court's prior determination, made in a January 21, 2021 order,
denying Delroy Wright's motion to vacate the default final judgment entered November
20, 2019.
I agree with the majority's decision insofar as it denies a motion by Delroy Wright
(tenant) to vacate the default final judgment dated November 20, 2019. However, I
disagree with the majority's decision to the extent that they vacate the monetary award
against tenant and Delroy's Cafe contained in the default final judgment because the
propriety of the monetary award has not been raised on this appeal.
The issues presented by appellant are: (1) Whether the trial court erred as a matter of
law by vacating its prior order without making the requisite factual findings under CPLR
5015 (a); (2) Whether the trial court erred as a matter of law or improvidently exercised
its discretion by considering tenant's pro se order to show cause when he was represented
by counsel and failed to seek consent to act pro se; and (3) Did the trial court
improvidently exercise its discretion by reconsidering its own prior order when doing so
was unduly prejudicial to the landlord.
The majority circumvents the procedural fundamentals of this court by deciding this
appeal on grounds that were not raised by either party below or on appeal (see generally Rosenblatt v St.
George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54 [2014];
Pamco Indus. v Medical Plaza Assoc., 231 AD2d 504 [1996]; Marshall v
New York City Health & Hosps. Corp., 186 AD2d 542, 543-544, [1992]). This
runs afoul of our basic notion of fair play and should be avoided. Appellate courts "are
not in the business of blindsiding litigants, who expect us to decide their appeals on
rationales advanced by the parties, not arguments their adversaries never made" (Misicki v Caradonna, 12 NY3d
511, 519 [2019]). By deciding this [*3]appeal on a
ground of its own creation, the majority has effectively denied landlord the "opportunity.
. . to be heard on a question which [it] had no reason to believe was part of the litigation"
(Grant v Cuomo, 130 AD2d 154, 176 [1987], affd 73 NY2d 820
[1988]).
The appellant's contentions, set forth above, outline the issues appellant seeks to
litigate before this court. The appellant has not raised the issue regarding the default final
judgment award amount. Moreover, respondent does not assert an argument in which it
opens the door for the majority to entertain discussions surrounding the default final
judgment amount.
I disagree with the majority's decision to send this back to the Civil Court.
Recognizing the cost of litigation to both sides, and the limited judicial resources
available to the New York City civil court system; I vote to adhere to the Civil Court's
prior determination denying tenant's motion to vacate the default final judgment.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 23, 2022

Footnotes

Footnote 1: Though the default final
judgment was entered against tenant and Delroy's Cafe, the petition did not name
Delroy's Cafe as a separate legal entity and there is no indication in the record that
Delroy's Cafe became a party to the instant proceeding.