Koumantaros v Koumantaros (2024 NY Slip Op 00412)

Koumantaros v Koumantaros

2024 NY Slip Op 00412

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2020-00077
 (Index No. 8422/14)

[*1]Christos Koumantaros, et al., respondents, 
v
Cindy Koumantaros, etc., appellant.

Sacco & Fillas, LLP, Astoria, NY (James Wolff of counsel), for appellant.
Andrew Moulinos, Astoria, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust on real property, the defendant appeals from a judgment of the Supreme Court, Queens County (Janice A. Taylor, J.), entered June 6, 2019. The judgment, insofar as appealed from, upon a decision of the same court dated February 14, 2019, made after a nonjury trial, declared that the defendant holds title to the subject property as a constructive trustee for the benefit of the plaintiffs and that the plaintiffs are the rightful owners of the subject property.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In May 2014, the plaintiffs, who are the parents of the defendant, commenced this action, inter alia, to impose a constructive trust on certain real property located in Bayside (hereinafter the subject property). The subject property was purchased in August 2008, and title was vested to the plaintiff Klara Koumantaros and the defendant. The plaintiffs alleged, among other things, that the parties had an oral agreement whereby the defendant agreed to hold title to the subject property as a convenience to the plaintiffs and to relinquish her interest to the plaintiff Christos Koumantaros upon his request. The defendant joined issue. Following a nonjury trial, the Supreme Court issued a judgment, which, inter alia, declared that the defendant holds title to the subject property as a constructive trustee for the benefit of the plaintiffs and that the plaintiffs are the rightful owners of the subject property. The defendant appeals.
"In reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts" (Reingold v Bowins, 180 AD3d 722, 723; see Diaz v Diaz, 130 AD3d 560, 562). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Reingold v Bowins, 180 AD3d at 723 [internal quotation marks omitted]), "as the trial court was able to observe the demeanor and credibility of each witness" (Diaz v Diaz, 130 AD3d at 562).
"A constructive trust is the formula through which the conscience of equity finds expression" (Toobian v Golzad, 193 AD3d 778, 781 [internal quotation marks omitted]; see Reingold v Bowins, 180 AD3d at 724). "When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him [or her] into a trustee" (Toobian v Golzad, 193 AD3d at 781 [internal quotation marks omitted]). "The four factors to be considered in ascertaining whether the imposition of a constructive trust is warranted are the existence of a fiduciary or confidential relationship, a promise, [*2]a transfer [of some asset] in reliance thereon, and unjust enrichment" (id.; see Reingold v Bowins, 180 AD3d at 724). "[S]ince it is an equitable remedy, a constructive trust is necessarily flexible to accomplish its purpose" (Toobian v Golzad, 193 AD3d at 781 [internal quotation marks omitted]; see Kaprov v Stalinsky, 145 AD3d 869, 871-872).
Here, the Supreme Court properly found that the plaintiffs satisfied their burden of proof with respect to the elements necessary to impose a constructive trust. As familial relatives, the parties shared a confidential relationship (see Broderson v Parsons, 106 AD3d 677, 679; Reiner v Reiner, 100 AD2d 872, 874). Moreover, the evidence adduced at trial established that, although the subject property was titled in the defendant's name as a joint tenant with the plaintiff Klara Koumantaros, the plaintiffs expended their own money in order to purchase the subject property in reliance upon an agreement between the parties that the defendant would hold title as a convenience to the plaintiffs and would relinquish her interest to the plaintiff Christos Koumantaros upon his request (see Kaprov v Stalinsky, 145 AD3d at 872). Furthermore, the evidence demonstrated that the defendant would be unjustly enriched by retaining legal title (see id.; cf. Broderson v Parsons, 106 AD3d at 679).
The defendant's remaining contentions are without merit.
Accordingly, we affirm the judgment insofar as appealed from.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court