Jaber v Elayyan

2026 NY Slip Op 02253

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Juber Jaber, plaintiff-respondent,

v

Munzer Elayyan, appellant, Farhoud Jaber, nominal defendant-respondent, et al., nominal defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2022-08061, (Index No. 151161/17)

Hector D. Lasalle, P.J.

Francesca E. Connolly

Lourdes M. Ventura

Elena Goldberg Velazquez, JJ.

McKool Smith P.C., New York, NY (James H. Smith and Grant L. Johnson of counsel), for appellant.

Gabor & Marotta LLC, Staten Island, NY (Daniel C. Marotta of counsel), for plaintiff-respondent.

Aboushi Law Firm, New York, NY (Aymen A. Aboushi of counsel), for nominal defendant-respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to impose a constructive trust and for a judgment declaring that the plaintiff is the equitable owner of a certain parcel of real property, the defendant Munzer Elayyan appeals from a judgment of the Supreme Court, Richmond County (Lizette Colon, J.), dated September 16, 2022. The judgment, upon a decision of the same court dated August 2, 2022, made after a nonjury trial, imposed a constructive trust in favor of the plaintiff on the subject property and declared that the plaintiff was the owner of the subject property.

ORDERED that the judgment is affirmed, with one bill of costs.

In 2017, the plaintiff commenced this action, alleging that he was the equitable owner of a certain parcel of real property located in Staten Island (hereinafter the property) (see Jaber v Elayyan, 191 AD3d 964, 965; Jaber v Elayyan, 168 AD3d 693, 694). The plaintiff alleged, among other things, that he and the defendant Munzer Elayyan, who was a real estate developer and the plaintiff's cousin, agreed, inter alia, to form the defendant 12 Whitwell Realty Corp. (hereinafter Realty Corp.) to hold legal title to the property, that the plaintiff's brother, the defendant Farhoud Jaber (hereinafter Farhoud), would be the "legal owner" and sole shareholder of Realty Corp., and that the plaintiff would reside in the property and would be the equitable owner of the property. The plaintiff further alleged that he and Elayyan agreed, among other things, that Elayyan would provide some of the funds for Realty Corp. to purchase the property and upon the plaintiff repaying Elayyan the funds Elayyan provided, title to the property would be transferred to the plaintiff. On January 30, 2012, Realty Corp. purchased the property. Thereafter, the plaintiff allegedly made improvements to the property, paid taxes and insurance on the property, and resided in the property. In 2017, Elayyan, claiming that he owned Realty Corp., evicted the plaintiff from the property, notwithstanding that the plaintiff had allegedly repaid Elayyan the funds that Elayyan had provided to purchase the property.

In a decision dated August 2, 2022, made after a nonjury trial, the Supreme Court found, inter alia, that the plaintiff established the requisite elements of a constructive trust by clear and convincing evidence. The court issued a judgment dated September 16, 2022, upon the decision, imposing a constructive trust in favor of the plaintiff on the property and declaring that the plaintiff was the owner of the property. Elayyan appeals.

Initially, Elayyan previously appealed from an order dated August 12, 2019, which, among other things, denied that branch of the motion of Elayyan and Realty Corp. which was to impose sanctions upon the plaintiff, and an order dated January 28, 2020, which, inter alia, denied those defendants' renewed motion to impose sanctions upon the plaintiff. However, the appeals from those orders were deemed dismissed for failure to perfect. "As a general rule, this Court does not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so" (US Bank N.A. v Conroy, 160 AD3d 785, 786; see Bray v Cox, 38 NY2d 350). We decline to exercise our discretion in this case.

"In reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into consideration that in a close case the trial court had the advantage of seeing and hearing the witnesses" (Toobian v Golzad, 193 AD3d 784, 785 [internal quotation marks omitted]; see Creamer v DaCruz, 185 AD3d 547, 547). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Ali v Rahaman, 224 AD3d 721, 722 [internal quotation marks omitted]; see Diaz v Diaz, 130 AD3d 560, 562).

"In general, the imposition of a constructive trust is appropriate in situations when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest" (Diaz v Diaz, 130 AD3d at 561 [internal quotation marks omitted]). "The elements of a constructive trust are (1) a fiduciary or confidential relationship; (2) an express or implied promise; (3) a transfer in reliance on the promise; and (4) unjust enrichment" (Ali v Rahaman, 224 AD3d at 722 [internal quotation marks omitted]; see Diaz v Diaz, 130 AD3d at 561). "[A]s these elements serve only as a guideline, a constructive trust may still be imposed even if all of the elements are not established" (Marini v Lombardo, 79 AD3d 932, 933; see Kaprov v Stalinsky, 145 AD3d 869, 871). "Thus, although the elements of a constructive trust must be proved by clear and convincing evidence, the constructive trust doctrine is given broad scope to respond to all human implications of a transaction in order to give expression to the conscience of equity and to satisfy the demands of justice" (Kaprov v Stalinsky, 145 AD3d at 871-872 [alteration, citation, and internal quotation marks omitted]; see Ning Xiang Liu v Al Ming Chen, 133 AD3d 644, 645).

Here, in light of the evidence presented at trial and affording the Supreme Court's credibility determinations due deference, we find no basis to disturb the court's determination that the plaintiff established the necessary elements to impose a constructive trust by clear and convincing evidence (see Ali v Rahaman, 224 AD3d at 722; Toobian v Golzad, 193 AD3d at 788; Ning Xiang Liu v Al Ming Chen, 133 AD3d at 645; Diaz v Diaz, 130 AD3d at 561).

Contrary to Elayyan's contentions, the Supreme Court did not err in precluding certain testimony and evidence during the trial. In any event, even if the court erred in making the evidentiary rulings now challenged by Elayyan, any error, individually or cumulatively, was harmless, since there is no indication that the testimony and evidence would have had a substantial influence on the result of the trial (see CPLR 2002; Matter of Berk, 209 AD3d 1014, 1017; Sattar v City of New York, 201 AD3d 756, 757; Division Seven, Inc. v HP Bldrs. Corp., 58 AD3d 796, 797).

Contrary to Elayyan's further contention, he did not demonstrate that the doctrine of unclean hands barred the plaintiff from seeking equitable relief. "The doctrine of unclean hands applies when the complaining party shows that the offending party is guilty of immoral, [*2]unconscionable conduct and even then only when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct" (Citimortgage, Inc. v Heyman, 186 AD3d 1487, 1488-1489 [internal quotation marks omitted]; see Toobian v Golzad, 193 AD3d at 787). Here, the evidence did not establish, among other things, that Elayyan was injured by the plaintiff's allegedly immoral, unconscionable conduct (see Citimortgage, Inc. v Heyman, 186 AD3d at 1489).

Elayyan's remaining contentions are without merit.

LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court