■ PEERLESS INSURANCE COMPANY, as Subrogee of PARTNERS REALTY CORP., Appellant, v ALLIED BUILDING PRODUCTS CORP., Respondent, et al., Defendant. [790 NYS2d 474]—

In an action to recover for damage to real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), entered March 15, 2004, which granted the motion of the defendant Allied Building Products Corp. for sum-

mary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the respondent.

The plaintiff alleged that a building owned by its insured was damaged during the course of the delivery of roofing materials by the defendant Allied Building Products Corp. (hereinafter Allied). Specifically, the plaintiff alleged that Allied's driver caused one or more pallets containing the roofing materials, which weighed up to 3,200 pounds each, to strike parts of the building as they were being hoisted to the roof by the delivery truck's hydraulic "boom" lift. Allied moved for summary judgment on the basis that there was no proof that its driver caused the alleged accident. In support of its motion, Allied relied upon the deposition testimony of the plaintiff's property manager, as well as the testimony of one of its branch managers, neither of whom was present on the property during the alleged occurrence. Notably, no deposition was conducted of the one person who was present when the roofing materials were delivered, to wit, the former employee of Allied who drove the delivery truck on the day in question. The Supreme Court concluded that since there was no direct proof linking Allied to the alleged occurrence, and since the plaintiff's opposition to the motion was "mere speculation" which "does not raise an issue of fact," Allied was entitled to summary judgment dismissing the complaint insofar as asserted against it. We reverse.

A party moving for summary judgment must make a prima facie showing of entitlement to such relief as a matter of law, offering sufficient evidence to demonstrate the absence of a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Failure to make such a showing requires denial of the motion regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr., supra; Rentz v Modell*, 262 AD2d 545, 546 [1999]; *Raia Indus. v Young*, 124 AD2d 722 [1986]). Moreover, " '[s]ince summary judgment is the procedural equivalent of a trial, any doubt as to the existence of a triable issue, or where the material issue of fact is "arguable," ' the motion should be denied" (*Matter of Cuttitto Family Trust*, 10 AD3d 656, 657 [2004], quoting *Salino v IPT Trucking*, 203 AD2d 352 [1994]).

Allied failed to establish its entitlement to judgment as a matter of law, as the circumstantial evidence demonstrated the existence of a triable issue of fact as to whether the alleged incident

which caused the subject damage took place during the course of Allied's delivery. In particular, according to the deposition testimony of the vice-president of the plaintiff's insured, and Allied's branch manager, there apparently was no damage to the building before the delivery. In addition, Allied was unable to produce a delivery receipt signed by an employee of the plaintiff's insured, which, according to Allied's branch manager, would have indicated that "everything was delivered in good condition and there were no problems." Additionally, the "plaintiff cannot ascertain the extent of [Allied's] knowledge without examining . . . [Allied's] former employee, and this fact also warrants the denial of summary judgment at this time" (*Tahini Inv. v Bobrowsky*, 99 AD2d 489, 490 [1984]; *see* CPLR 3212 [f]; *Terranova v Emil*, 20 NY2d 493 [1967]; *Mulvey v Service Sys. Corp.*, 146 AD2d 682, 683 [1989]).

Therefore, since Allied failed to make a prima facie showing of entitlement to judgment as a matter of law, the motion for summary judgment should have been denied without regard to the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, *supra*). Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.