■ MIRIAM SHASHO, Individually and as Executrix of EGAL SHASHO, Deceased, Respondent, v YEHYEL KLEINER, Appellant. [30 NYS3d 650]—

In an action, inter alia, to impose a constructive trust upon certain real property, the defendant appeals from (1) an order of the Supreme Court, Kings County (Schack, J.), dated January 13, 2014, which denied his motion to cancel the respective notices of pendency on the subject properties, and granted the plaintiff's cross motion for summary judgment imposing a constructive trust and dismissing his counterclaims, and (2) an order of the same court dated June 16, 2014, which denied his motion for leave to renew and reargue his prior motion and his opposition to the plaintiff's cross motion.

Ordered that the order dated January 13, 2014, is modified, on the law, by deleting the provision thereof granting the plaintiff's cross motion for summary judgment imposing a constructive trust and dismissing the defendant's counterclaims, and substituting therefor a provision denying the plaintiff's cross motion; as so modified, the order is affirmed; and it is further,

Ordered that the appeal from so much of the order dated June 16, 2014, as denied that branch of the appellant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated June 16, 2014, as denied that branch of the appellant's motion which was for leave to renew his opposition to the plaintiff's cross motion is dismissed as academic in light of our determination on the appeal from the order dated January 13, 2014; and it is further,

Ordered that the order dated June 16, 2014, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the appellant.

In 2006, Egal Shasho (hereinafter Shasho) and the defendant entered into an agency and principal agreement (hereinafter the agreement) whereby the defendant took title to three subject real properties and obtained mortgages, but Shasho remained responsible for paying the mortgages and expenses. In 2007, Shasho died, and the defendant subsequently sold one of the three subject properties. In 2008, Shasho's widow, Miriam Shasho, commenced this action individually and on behalf of Shasho's estate, alleging unjust enrichment and breach of contract, and requesting, inter alia, the imposition of a constructive trust on the remaining two properties covered by the agreement. The defendant counterclaimed to recover on an alleged $250,000 loan made to Shasho.

The Supreme Court erred in awarding summary judgment to the plaintiff for the imposition of a constructive trust. A constructive trust may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest (*see Ning Xiang Liu v Al Ming Chen*, 133 AD3d 644, 644-645 [2015]). "The elements needed for the imposition of a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment" (*Cerabono v Price*, 7 AD3d 479, 480 [2004]). To prove unjust enrichment, a party must show that the other party was enriched at his or her expense, and it is against equity and good conscience to permit that person to retain what is sought to be recovered (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]).

Here, in response to the plaintiff's prima facie showing of entitlement to judgment as a matter of law imposing a constructive trust, the defendant raised triable issues of fact as to whether he has been unjustly enriched. In particular, the

agreement governs the defendant's actions with regard to the subject properties and permits him to sell a property if its mortgage is in default. The agreement also governs the disbursement of any proceeds from such a sale. As the defendant raised triable issues of fact as to whether he acted within the terms of the agreement, or whether he was unjustly enriched, summary judgment imposing a constructive trust should have been denied.

Concomitantly, the Supreme Court properly declined to grant the defendant's motion to cancel the respective notices of pendency on the subject properties (*see* CPLR 6501).

Summary judgment also should have been denied as to the defendant's counterclaims, since in opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised triable issues of fact as to whether the alleged $250,000 loan to Shasho has been repaid.

Finally, the Supreme Court properly denied that branch of the defendant's motion which was for leave to renew his motion to cancel the respective notices of pendency, as he submitted no new facts or law which could not have been submitted previously (*see* CPLR 2221 [e]). Rivera, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.