Delidimitropoulos v Karantinidis (2020 NY Slip Op 05032)





Delidimitropoulos v Karantinidis


2020 NY Slip Op 05032


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-06849
 (Index No. 701980/14)

[*1]Theodoros Delidimitropoulos, appellant,
v
Michael Karantinidis, et al., respondents (and a third-party action).


Searles, Sheppard & Gornitsky, PLLC, New York, NY (Joshua I. Gornitsky and Sean P. Sheppard of counsel), for appellant.
Sipsas, P.C., Astoria, NY (Ioannis [John] P. Sipsas of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for an accounting and the imposition of a constructive trust, the plaintiff appeals from an order of the Supreme Court, Queens County (William A. Viscovich, J.), dated April 23, 2018. The order, insofar as appealed from, granted the defendants' motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff claims that he was in a business partnership with his son-in-law, the defendant Michael Karantinidis, with respect to the operation of the defendant Hephaistos Building Supplies, Inc. At the close of the plaintiff's case at trial, the defendants moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint on the ground that the plaintiff had failed to make out a prima facie case. The Supreme Court granted the motion, and the plaintiff appeals.
We agree with the Supreme Court's determination granting the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. The plaintiff failed to make out a prima facie case that he was in a partnership with Karantinidis. A partnership is an association of two or more persons to carry on as co-owners a business for profit (see Partnership Law § 10; Czernicki v Lawniczak, 74 AD3d 1121, 1124). There is no dispute that there is no written partnership agreement here between the plaintiff and Karantinidis. When there is no written partnership agreement between the parties, the court must determine whether a partnership in fact existed from the conduct, intention, and relationship between the parties. Factors to be considered in determining the existence of a partnership include (1) sharing of profits, (2) sharing of losses, (3) ownership of partnership assets, (4) joint management and control, (5) joint liability to creditors, (6) intention of the parties, (7) compensation, (8) contribution of capital, and (9) loans to the organization (see Czernicki v Lawniczak, 74 AD3d at 1124; Brodsky v Stadlen, 138 AD2d 662). Here, those factors weigh against the plaintiff. The record indicates that the plaintiff was an employee receiving a salary. In addition, the corporate tax returns and the plaintiff's personal tax returns did not demonstrate any partnership profits being paid to him during the period in question. [*2]Considering the lack of indicia of a partnership relationship, the court's determination is clearly supported by the evidence (see Alleva v Alleva Dairy, 129 AD2d 663).
The plaintiff also failed to make out a prima facie case for the imposition of a constructive trust. To obtain the remedy of a constructive trust, a party is generally required to establish four factors, or elements, by clear and convincing evidence: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment flowing from the breach of the promise (see Hernandez v Florian, 173 AD3d 1144; Seidenfeld v Zaltz, 162 AD3d 929, 934; Sanxhaku v Margetis, 151 AD3d 778). These factors, or elements, serve only as a guideline, and a constructive trust may still be imposed even if all four elements are not established (see Hernandez v Florian, 173 AD3d at 1145; Sanxhaku v Margetis, 151 AD3d at 779), provided that those factors are "substantially present" (see Seidenfeld v Zaltz, 162 AD3d at 935).
Here, the plaintiff did not establish that the elements of a constructive trust were substantially present. There is no dispute that the plaintiff and Karantinidis were in a confidential relationship as close family members. However, there is no evidence that Karantinidis made a promise to the plaintiff, express or implied, regarding ownership or partnership; nor is there evidence that the plaintiff made a transfer in reliance on a promise regarding ownership or partnership.
To prove unjust enrichment, a party must show that the other party was enriched at his or her expense, and it is against equity and good conscience to permit that person to retain what is sought to be recovered (see Shasho v Kleiner, 138 AD3d 973; Dee v Rakower, 112 AD3d 204, 213). There is no evidence that the defendants were enriched at the plaintiff's expense such that it would be against equity and good conscience to permit the defendants to retain what was sought to be recovered.
DILLON, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court