Underhill Venture, LLC v Sarang (2024 NY Slip Op 05127)

Underhill Venture, LLC v Sarang

2024 NY Slip Op 05127

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-10668
2024-00885
 (Index No. 604830/23)

[*1]Underhill Venture, LLC, appellant,
v
Hansneet Sarang, et al., respondents.

Ezio Scaldaferri, Glen Cove, NY, for appellant.
Esagoff Law Group, P.C., Great Neck, NY (Janet Nina Esagoff and Daniel Berke of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), dated September 21, 2023, and (2) an order of the same court entered December 18, 2023. The order dated September 21, 2023, denied the plaintiff's motion for summary judgment on the complaint and denied the plaintiff's separate motion to cancel the defendants' notice of pendency, for an award of costs, and to impose sanctions upon the defendants for filing the notice of pendency. The order entered December 18, 2023, insofar as appealed from, denied the plaintiff's motion for leave to renew and reargue its prior motion for summary judgment on the complaint and its prior separate motion to cancel the defendants' notice of pendency, for an award of costs, and to impose sanctions upon the defendants for filing the notice of pendency, and for leave to amend the complaint.
ORDERED that the appeal from so much of the order entered December 18, 2023, as denied those branches of the plaintiff's motion which were for leave to reargue and for leave to renew that branch of its prior motion which was to cancel the defendants' notice of pendency is dismissed; and it is further,
ORDERED that the order dated September 21, 2023, is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to cancel the defendants' notice of pendency, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated September 21, 2023, is affirmed; and it is further,
ORDERED that the order entered December 18, 2023, is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to amend the complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff entered into a residential contract of sale (hereinafter the contract) to build a house on certain land located in Oyster Bay and to sell the land and the house to the [*2]defendants. Alleging that the defendants defaulted on their obligation to pay for certain upgrades (or "extras") to the house that they requested, the plaintiff commenced this action to declare the contract null and void and to retain the defendants' down payment. The defendants counterclaimed for damages and filed a notice of pendency against the property.
The plaintiff moved to cancel the notice of pendency, for an award of costs, and to impose sanctions upon the defendants for filing the notice of pendency and separately moved for summary judgment on the complaint. In an order dated September 21, 2023, the Supreme Court denied both motions. The plaintiff then moved for leave to renew and reargue its prior motions and for leave to amend the complaint to add a cause of action alleging breach of contract. In an order entered December 18, 2023, the court, inter alia, denied the plaintiff's motion. The plaintiff appeals from both orders.
The appeal from so much of the order entered December 18, 2023, as denied that branch of the plaintiff's motion which was for leave to reargue its prior motions must be dismissed, as no appeal lies from an order denying reargument (see Wells Fargo Bank, N.A. v Edwards, 186 AD3d 1457). The appeal from so much of the order entered December 18, 2023, as denied that branch of the plaintiff's motion which was for leave to renew that branch of its prior motion which was to cancel the notice of pendency must be dismissed as academic in light of our determination on the appeal from so much of the order dated September 21, 2023, as determined that branch of the prior motion.
Turning to the merits, with respect to the order dated September 21, 2023, the Supreme Court erred in denying that branch of the plaintiff's motion which was to cancel the notice of pendency (see CPLR 6501; Matter of Sakow, 97 NY2d 436, 441). Here, the parties agreed in a rider to the contract that "the right to file a Lis Pendens in any action is hereby waived irrevocably." "[W]hen parties set down their agreement in a clear, complete document, their writing should . . . be enforced according to its terms," and "[i]n the absence of any ambiguity, we look solely to the language used by the parties to discern the contract's meaning" (Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [internal quotation marks omitted]).
Contrary to the plaintiff's contention, however, the plaintiff is not entitled to an award of costs pursuant to CPLR 6514(c) because the notice of pendency was not cancelled pursuant to CPLR 6514(a) or (b) (see Delidimitropoulos v Karantinidis, 142 AD3d 1038, 1039-1040). Under the circumstances of this case, sanctions are not warranted pursuant to 22 NYCRR 130-1.1 (see Elganto, LLC v 1428 Fulton St, LLC, 219 AD3d 462).
Furthermore, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint in the order dated September 21, 2023. Here, the plaintiff failed to establish as a matter of law that the extras for which the defendants allegedly failed to pay were actually installed on the property. Moreover, the contract is ambiguous as to whether the defendants' alleged failure to pay for certain extras constituted a default that entitled the plaintiff to cancel the contract and retain the down payment (see Hong v Renval Constr., LLC, 219 AD3d 593, 594). "When the language of a contract is ambiguous, its construction presents a question of fact that may not be resolved by the court on a motion for summary judgment" (Szklarz v Racer, 227 AD3d 1033, 1034-1035 [internal quotation marks omitted]). Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, its motion for summary judgment was properly denied without regard to the defendants' opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Peerless Ins. Co. v Allied Bldg. Prods. Corp., 15 AD3d 373).
As to the appeal from the order entered December 18, 2023, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew its prior motions, except as to cancellation of the notice of pendency, as the plaintiff failed to offer any new facts in support of that branch of its motion (see CPLR 2221[e]; Shasho v Kleiner, 138 AD3d 973).
However, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action alleging breach of contract. [*3]"Leave shall be freely given upon such terms as may be just" (CPLR 3025[b]), "absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit" (Klein v Signature Bank, Inc., 204 AD3d 892, 898). Here, the defendants are not surprised or prejudiced by the proposed breach of contract cause of action (see Guangzhou Sanhua Plastic Co., Ltd. v Fine Line Prods. Corp., 165 AD3d 899), as the plaintiff previously alleged that the defendants breached the contract when they filed the notice of pendency. Accordingly, as the proposed amendment is not palpably insufficient or patently devoid of merit, leave to amend the complaint to add a breach of contract cause of action should have been granted (see Itzkowitz v Ginsburg, 186 AD3d 579).
In light of our determination, the parties' remaining contentions need not be reached.
LASALLE, P.J., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court